IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MOSES SPARKS,

    Plaintiff,

v.                                                                               CIV. 12-1022 MCA/GBW

THE GEO GROUP, INC., J. JANECKA,
and FNU BEAIRD,

    Defendants.

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel. *Doc. 3*. Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

1

994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Plaintiff's motion, in its entirety, states that Plaintiff should be appointed counsel "because of the complexities of the matters in the above-captioned cause of action, this Plaintiff's limited knowledge of the law, and Plaintiff's limited access to a law library." *Doc. 3*.  "It is not enough 'that having counsel appointed would have assisted [Plaintiff] in presenting his strongest possible case, [as] the same could be said in any case.'" *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  Plaintiff's Complaint does not present novel or complex legal claims, and the Complaint demonstrates Plaintiff's ability to coherently articulate his legal position.  *Doc 1.*  Based on the Court's own review, none of the *Thomas* factors support appointment of counsel and Plaintiff's Motion does not convince the Court otherwise.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel, *doc. 3*, is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

2