IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MOSES SPARKS,

    Plaintiff,

  v.                                               No. CIV 12-1022 MCA/GBW

THE GEO GROUP, INC.,
J. JANECKA,
SECURITY WARDEN BEAIRD,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Beaird placed Plaintiff, over his objections, in a cell pod where Plaintiff believed his well-being would be endangered. Plaintiff was soon involved in two one-on-one fights with other inmates and was injured during a third incident. He contends that Beaird violated his Eighth Amendment rights by knowingly placing him in danger. He also asserts claims against Defendants GEO Group, Inc., and Janecka for failing to properly train prison staff. The complaint seeks unspecified relief "to be determined at Jury Trial."

No relief is available on Plaintiff's conclusory allegations against Defendants GEO Group, Inc., and Janecka of failing to train staff. Plaintiff makes no factual allegations against these Defendants, and, as the Court of Appeals for the Tenth Circuit has noted, "a series of cases requires a standard of deliberate indifference. Those types of cases include the failure to train." *Dodds v. Richardson*, 614 F.3d 1185, 1212 (10th Cir. 2010). "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation. Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' " *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6 (10th Cir. Jan. 23, 2013) (quoting *Dodds*, 614 F.3d at 1195). The Court will dismiss Plaintiff's claims in Counts I and III of the complaint.

Nor do Plaintiff's allegations against Defendant Beaird in his official capacity support a claim for relief in a § 1983 action. "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are

'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  The Court will dismiss Plaintiff's claim against Defendant Beaird in his official capacity.

IT IS THEREFORE ORDERED that Plaintiff's failure-to-train claims in Counts I and III of the complaint are DISMISSED; Defendants GEO Group, Inc., and Janecka are DISMISSED as parties to this action; and Plaintiff's claim against Defendant Beaird in his official capacity is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Beaird on Plaintiff's Eighth Amendment claim in Count II.

_____
UNITED STATES DISTRICT JUDGE