IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MOSES SPARKS,

    Plaintiff,

v.                                                        Civ. No. 12-1022 MCA/GBW

FNU BEAIRD,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Defendant's Motion for Summary Judgment, *doc. 12*. I find that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act and therefore recommend granting Defendant's motion and dismissing the case with prejudice.

**I.    BACKGROUND**

Plaintiff Moses Sparks is an inmate at the Lea County Correctional Facility (LCCF) proceeding *pro se* in this action. When Plaintiff arrived at LCCF on May 23, 2012, he was placed in the orientation pod. *Doc. 1* at 3; *Doc. 12* at 3. Plaintiff was interviewed by Defendant Security Warden Beaird to determine where he would be housed. *Id*. During the interview, Plaintiff, who is black, claims that he told Defendant that he did not want to be placed in housing unit 1E because he thought it would be unsafe, given his race. *Id*. at 3-4. Plaintiff was ultimately placed in unit 1E. *Doc. 12* at 3.

1

On June 23, 2012, another black inmate in unit 1E named Jackson got into a fight with a Hispanic inmate, Adrian Camacho. *Doc. 1* at 4 & Ex. 2. When it appeared that Camacho was losing the fight, seven other Hispanic inmates began attacking Jackson with shanks. *Id*. at 5 & Ex. 2. Plaintiff and two other black inmates then joined the altercation in order to assist Jackson. *Id*. Jackson suffered from 15-17 puncture wounds and a punctured right lung. *Id*. Another black inmate, Terry Wilson, had one puncture wound and a punctured large intestine. *Id*. Plaintiff suffered a wound to his back.[1] *Id*.

Jackson, Wilson, and Camacho were sent offsite for medical treatment. *Id*., ex. 2. Plaintiff alleges that he was locked in a cell for two hours before correctional officers came to take photos of his injuries. *Id*. at 5. He claims to have waited an additional 90 minutes after the photos were taken before receiving medical treatment. *Id*. Plaintiff alleges that the nurse who treated him was unable to close the wound because of the delay. *Id*.

On October 1, 2012, Plaintiff filed his complaint, alleging three causes of action under 42 U.S.C. § 1983 for violations of the Eighth Amendment. *Doc. 1*. He brought claims against (1) the Geo Group, Inc., the corporation that runs LCCF, for failure to train its staff; (2) Defendant Beaird for placing Plaintiff in unit 1E knowing that he would likely be attacked by Hispanic inmates; and (3) Warden J. Janecka for failing to adequately train LCCF staff. *Id*. at 7-8. The Court dismissed the claims against the Geo

---

[1] Plaintiff describes this wound as a "stab wound" but the Inmate Misconduct Report describes it as a "laceration." *Doc. 1* at 5 & Ex. 2.

Group, Inc. and Warden Janecka for failure to state a claim. *Doc. 8* at 3. It also dismissed Plaintiff's claims against Defendant Beaird in his official capacity, leaving only Plaintiff's claim against Defendant Beaird in his individual capacity. *Id*. at 2-3.

On April 3, 2013, Defendant filed the instant motion for summary judgment, arguing that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. *Doc. 12*. As of this writing, Plaintiff has not filed a response to that motion.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the

3

substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999). Third, the court cannot decide any issues of credibility. *See Liberty Lobby*, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257.

### III.   DEFENDANT'S FACTS ARE DEEMED ADMITTED

Plaintiff has filed neither a response to Defendant's motion for summary judgment nor a request for an extension of time to file a response. He also has not filed a notice of change of address and none of the documents sent to him by the Court have been returned. Pursuant to Local Rule 56.1, "[a]ll material facts set forth in the [motion for summary judgment] will be deemed undisputed unless specifically controverted."

D.N.M.L.R.-Civ. 56.1(b). Because Plaintiff has not filed a response disputing the facts set forth in Defendant's motion, I treat those facts as admitted.[2] *See Davis v. Simon Property Group*, 9 F. App'x 876, 880-81 (10th Cir. 2001) (upholding district court's decision to deem facts admitted pursuant to local rule when plaintiff failed to respond to a summary judgment motion).

IV.   **ANALYSIS**

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that this provision requires "proper exhaustion" – that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prisoners must exhaust all available remedies even if those remedies "appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

---

[2] Pursuant to the Local Rules, Plaintiff's failure to file a response constitutes consent to grant the motion. D.N.M.L.R.-Civ. 7.1(b). However, the Tenth Circuit has said that outright dismissal of a case for failure to respond to a summary judgment motion is a harsh sanction in light of "the judicial system's strong predisposition to resolve cases on their merits." *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988). Such a sanction is proper only when there are aggravating circumstances such as (1) prejudice to the moving party, (2) interference with the judicial process, or (3) culpability of the plaintiff. *Id*. Because there is no evidence of any of these circumstances in this case, I do not recommend dismissal on the basis of Local Rule 7.1.

Plaintiff has failed to exhaust administrative remedies for the violations alleged in his complaint. The New Mexico Corrections Department grievance procedure consists of three steps. First, an inmate must file an Inmate Informal Complaint within five days of the incident giving rise to the complaint. *Doc. 12*, ex. A-2 at 9. Second, if the inmate is dissatisfied with the resolution of the informal grievance,[3] the inmate may file a formal Inmate Grievance. *Id*. The Warden must review and make a decision on the grievance within 15 working days of receipt. *Id.*, ex. A-2 at 12. Third, if an inmate is dissatisfied with the Warden's decision, he may appeal it to the Office of the Secretary of Corrections within seven days of receipt of the Warden's decision. *Id.*, ex. A-2 at 13. Only after completing all three steps has an inmate exhausted administrative remedies.

Because Plaintiff's only claim against Defendant Beaird relates to his decision to place Plaintiff in housing unit 1E, the incident giving rise to the grievance occurred no later than June 1, 2012—the date Plaintiff was transferred to unit 1E. *See doc. 12*, ex. C (stating that Plaintiff was transferred to unit 1E on June 1, 2012); *Doc. 1*, ex. 1 at 13 (listing in informal grievance claim that Plaintiff's rights were violated "by placing me in 1E after I specifically stated I needed protection"). Therefore, Plaintiff had until June 6, 2012 to file a timely informal grievance. Plaintiff did not comply with that deadline; he filed his informal grievance on August 31, 2012. *Doc. 1*, ex. 1; *Doc. 12*, exs. B ¶ 8 & D.

---

[3] As noted, under the facility's terminology, the first step in the grievance process is called a "complaint" and the second step is called a "grievance." However, to distinguish the facility's procedures from the Complaint before this Court, the undersigned will refer to the first step as an "informal grievance" and the second step as a "formal grievance" hereinafter.

6

That grievance was rejected by LCCF's custodian of inmate grievance records on September 4, 2012, because it was untimely.  *Doc. 1*, ex. 1; *Doc. 12*, exs. B ¶ 11 & D. Plaintiff did not file a formal grievance contesting the custodian's timeliness determination and has provided no explanation to justify his delay in filing the informal grievance.  S*ee, e.g., Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (noting an inmate can be excused from exhaustion if he is prevented by prison officials from accessing the prison administrative process).  In fact, Plaintiff appears to mistakenly believe that he has exhausted all administrative remedies solely by filing a single informal grievance.  *See doc. 1* at 9 ("Plaintiff exhausted all administrative remedies as required by the PLRA.  Proof of such is included in this Complaint.  (Exhibit 1).").

Although "[a] dismissal based on lack of exhaustion . . . should ordinarily be without prejudice, this is because '[f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw." *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled in part on other grounds by Robbins v. Oklahoma ex rel. Dep't of Human Serv.*, 519 F.3d 1242, 1246 (10th Cir. 2008).  "Once a prison formally denies an inmate's grievance for untimeliness, and either the inmate does not challenge the basis for that decision or the court upholds the decision, the inmate's failure to exhaust is no longer 'a temporary, curable, procedural flaw'" and the claim should be dismissed with prejudice.  *Id*.  Because Plaintiff's informal grievance was denied on timeliness grounds

7

and Plaintiff does not contest those grounds, his claim against Defendant Beaird should be dismissed with prejudice.

V.  **CONCLUSION**

Because Plaintiff has failed to exhaust administrative remedies for his claim against Defendant Beaird, I recommend granting Defendants' Motion for Summary Judgment, *doc. 12*, and dismissing this claim with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**